UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80412-CV-Middlebrooks

ACCESS FOR THE DISABLED, INC.,
a Florida not-for-profit corporation;
ROBERT COHEN, an Individual; and
PATRICIA L. KENNEDY, an Individual;
    Plaintiffs,

vs.

PALM BEACH HOTEL CONDOMINIUM ASSOCIATION, INC., a Florida Profit Corporation, *And* PIERRE HOSTYN REALTY, INC., Foreign Profit Company, *And* PALM BEACH HOTEL LIMITED *a/k/a* PALM BEACH HOTEL, L.P., Foreign Profit Company, *And* RAVA, L.L.C., a Florida Profit Corporation, *And* Palm Beach Resorts International Properties, LLC *a/k/a* Palm Beach International Properties LLC, *And* DOREEN LOH INTERNATIONAL, INC., *And* C. J. HAMILTON, LLC, *And* ISLAND HOTEL HOLDINGS, INC., *And* JAMES WILNER FINE ART LLC, *And* HEATHER & MAURA MCCUNE, an Individual as owner of Commercial unit 18
    Defendants.
_____/

## CONSENT DECREE

**THIS CONSENT DECREE** (the "Consent Decree" or "Agreement") is entered into by and among ACCESS FOR THE DISABLED, INC., ROBERT COHEN and PATRICIA L. KENNEDY ("Plaintiffs"), on the one hand, and RAVA, L.L.C. ("Defendant") on the other hand, hereinafter collectively the "Parties."

**IT IS HEREBY** stipulated and agreed by and among the Parties as follows:

**WHEREAS,** on or about March 25, 2014, Plaintiff filed the above-captioned action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("Title III" of the "ADA"), regarding the real property and improvements thereon located at 235 Sunrise Avenue Palm Beach, Florida 33480 (the "Property"), pursuant to which Plaintiffs sought a permanent injunction and attorneys' and expert's fees, expenses and costs;

Page 1 of 12

WHEREAS, Defendant does not admit, and expressly deny, any violation(s) of any federal, state or local statute (including, but not limited to, the ADA), and state or municipal fire safety or building code, or any other wrongdoing or liability whatsoever;

WHEREAS, Defendant represents that it intends to improve current access to the property for persons with disabilities in compliance with the 2010 ADA Standards for Accessible Design, consisting of the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards").

WHEREAS, Plaintiffs and Defendant have agreed to a settlement of this action;

WHEREAS, the Parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

NOW, THEREFORE, in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as full and complete settlement of this action.

## ADA ACCESSIBILITY AND BARRIER REMOVAL

1. The above recitals constitute part of this Consent Decree. Plaintiffs alleges in this action that certain physical barriers to access exist at the Property which restrict and/or limit Plaintiffs' access to the Property. In response to and in settlement of the allegations contained in the Complaint and all other allegations brought or which could have been brought in this action

with respect to this Property, Defendant agrees to perform the following barrier removal, alterations, and/or modifications (the "Modifications") as follows:[1]

a. Present and future staff will be instructed and trained that they shall, if necessary assist the disabled and to admit service animals.

b. <u>Signage:</u> The entry doors should have a sign posted on them stating "Assistance Available Upon Request." The sign should have the International symbol of accessibility and look like this:



c. <u>Front Service Counter</u>:
   i. Place signage at front service counter that a lower counter is available.
   ii. The sign should have the International symbol of accessibility (ISA).
   iii. Provide policy and training of employees regarding the procedure to assist disabled guests during transactions.

d. <u>Interior bar Seating</u>:
   i. Currently the bar and all seating around the bar is at a non-compliant height in violation of the ADA.
   ii. Defendant must provide a table and accessible seating near the bar to comply with ADA guidelines 28 C.F.R. part 36, Section 5.2 allowing accessible eating area for disabled patrons;

---

[1] Words and phrases used in this Consent Decree that have definitions provided in 28 C.F.R. Part 36, Appendix A (hereinafter referred to as the "2010 Standards"), or 28 C.F.R. §36.104 shall be construed as defined in the 2010 Standards or 28 C.F.R. §36.104, as applicable.

  e. <u>Restroom</u>:
  i. Currently, both male and female restrooms are in violation of the ADA; however, the hotel is in the process of constructing a restroom that is ADA compliant in the hallway behind the restaurant.
  ii. <u>Signage</u>: Provide a sign on both male and female restrooms explaining that the Accessible Restroom is located at back of restaurant.
   1. The sign should have the International symbol of accessibility (ISA).
   2. Provide policy and training of employees regarding the procedure to assist disabled guests directing patrons to accessible Restroom.
  iii. The Defendant shall create an ADA compliant walkway that directly leads to the restroom.

  f. Maintain a clear path of travel in the walkways within the restaurant to comply with ADA *Code: 4.3.3 Width*.

+++All of the above will be maintained in compliance with ADA requirements.

  2. Defendant shall complete the Modifications set forth in Paragraph 1 within eight (8) months of the full execution of this Consent Decree.

  3. (a) Defendant shall complete the Modifications set forth in Paragraph 1 within the timeframe set forth in Paragraph 2. However, if the Modifications are not timely completed due to acts of God, third parties, or reasons beyond the control of Defendants (including but not limited to, delay in obtaining or inability to obtain building permits, delay in obtaining or inability to obtain the consent of any other party or person, or entity, whose consent is required pursuant to any agreement affecting the Property, failure of county inspectors to make inspections, shortages in construction materials, contractor defaults, work stoppages due to labor related disputes or weather conditions, etc.) then Defendant shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the compliance date contained herein as long as Defendant provide written notice to Plaintiffs' counsel of the delay, the reasons for the delay, and the anticipated date of completion, and make a good-faith effort to effect implementation as soon as reasonably practicable thereafter.

(b) In the event that all or part of a public accommodation on the Property where Modifications are to be performed are closed prior to any applicable completion date(s) and then reopened before the applicable completion date(s), then Defendant will have to make or complete any of the Modifications that would have been applicable to the part of the Property that was closed by the applicable completion date(s).  In the event that all or part of a public accommodation on the Property where Modifications are to be performed are closed prior to any applicable completion date(s) and are not reopened, then Defendant will not be required to make or complete any of the Modifications that would have been applicable to the part of the Property that is closed, or all of the Property in the event that the entire Property is no longer a public accommodation.  If all or part of a public accommodation on the Property where Modifications are to be performed are closed prior to any applicable completion date(s) and then reopened after the applicable completion date(s), then Defendant will complete the Modifications by the time the applicable portion of the Property reopens, so long as the applicable portion of the Property is substantially the same when it reopens as when it closed.

### RIGHT OF INSPECTION FOR COMPLETION OF MODIFICATIONS

4. Upon the completion of the Modifications set forth in Paragraph 1, Defendant shall provide written notice by certified or registered mail, by facsimile, and/or by e-mail to Plaintiffs' counsel of such completion and shall afford Plaintiffs and Plaintiffs' representatives reasonable access to the Property to verify completion of the Modifications.  Nothing herein shall be construed to restrict or limit Plaintiffs and/or their representatives from otherwise visiting or accessing the Property.  Defendant's failure to provide notice to the Plaintiffs as required in this Paragraph 4 shall not represent a breach of this Consent Decree, but neither shall

it prelude Plaintiffs and/or Plaintiffs' representatives from verifying the completion of the work required by this Consent Decree.

## ENFORCEMENT PROVISIONS

5. If Defendant provides notice of completion as set forth in Paragraph 5 above, then Plaintiffs shall have forty-five (45) days from the date of such notice to verify completion of the Modifications. If upon such re-inspection Plaintiffs contend that Defendant has failed to complete any Modifications, then, within thirty (30) days after the inspection, Plaintiffs shall provide to Defendant, via facsimile or e-mail, a detailed written report of the asserted issues of non-compliance ("Plaintiffs' Report"). Defendant will have thirty (30) days after receipt of Plaintiffs' Report to cure any of the deficiencies claimed in the Report. The Parties will then engage in good-faith discussions regarding whether Plaintiffs' claim(s) set forth in Plaintiffs' Report have been cured, and, if appropriate, the Parties will settle any remaining dispute by seeking appropriate legal relief.

6. The Parties agree that this Consent Decree shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and/or assigns, including any successor owners, operators, lessors, or lessees of the Property.

7. In any action to enforce this Consent Decree (which shall include the parties "seeking appropriate legal relief" as set forth in Paragraph 5 above), the prevailing party shall be entitled to recover its attorneys' fees, expert fees, litigation expenses and costs.

8. The Parties acknowledge and agree that nothing contained herein shall prevent Defendant from assigning their rights and obligations under this Consent Decree to a successor owner or operator of the Property. Should Defendant assign its rights and obligations under this Consent Decree to a successor owner or operator of the Property, the successor owner or

operator assumes such rights and obligations in writing, and Plaintiffs are provided notice of the assignment, then Plaintiffs agree that Defendant shall be released from any and all claims or causes of action relating to obligations set forth in this Consent Decree, including, but not limited to, any action taken to enforce the terms of this Consent Decree. If Assignment occurs, then Plaintiffs agree not to file or pursue legal action against any successor in interest to the owner or operator of the Property for violations of the ADA or related or similar disability access laws in the future with respect to the existing Property. Further, if Assignment occurs, and if the Modifications are not completed pursuant to the terms of this Consent Decree, then Plaintiffs' sole remedy shall be against the successor to enforce the terms of this Consent Decree.

## PLAINTIFF'S ATTORNEY'S FEES, EXPENSES AND COSTS

9. Defendant shall pay or cause to be paid an amount representing payment for Plaintiffs' attorney's fees, expert witness fees (if any), costs and expenses incurred in this action (the "Settlement Amount"). The Parties agree that the amount of the payment has been separately memorialized in writing and that amount is hereby incorporated into this Consent Decree by reference. Payment of the Settlement Amount shall represent full and complete payment for all of Plaintiffs' and their attorney's and expert's claims for monetary relief, including fees, expenses and costs, which were raised or could have been raised in this action. Payment shall be made payable to "The Shemtov Law Firm, P.A." and shall be sent to Plaintiffs' counsel within ten (10) days of entry of a final order approving or entering this Consent Decree and dismissing this action with prejudice. Defendant shall have no role, responsibility, liability or interest regarding how the Settlement Amount is to be divided among Plaintiffs' attorneys, Plaintiffs' expert witness, or any other persons with claims to the Settlement Amount. Except as set forth herein, each party to this action shall bear its own fees, expenses and costs related to this action.

## NON-DISPARAGEMENT

10. The Parties agree that they will not make any disparaging, denigrating, demeaning or untrue statements about the other party or any person associated with the other party, including any officer, director, member, consultant, expert, or legal representative of the other party with respect to any of the issues raised, or which could have been raised in the above-captioned action.

## NON-DISCRIMINATION/ NON-RETALIATION

11. Defendant acknowledges that, pursuant to 28 C.F.R. § 36.206, it, its agents, and employees are under a duty not to discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing regarding this matter or under the ADA, and not to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of, his or her having exercised or enjoyed, or on account of, his or her aid or encouragement of any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

## RELEASE OF CLAIMS

12. In exchange for the mutual covenants and the good and valuable consideration set forth herein, Plaintiffs, along with all of Plaintiffs' agents, successors, assigns, heirs, officers, directors, shareholders, employees, members, affiliated entities, along with anyone claiming by or through them, jointly and severally, (collectively the "Releasing Parties") hereby release, acquit, satisfy, and discharge Defendant, along with its parent companies, subsidiaries, divisions, affiliates, related companies and persons, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, directors, officers, employees, agents, attorneys,

and lessors and/or lessees at the Property (collectively the "Released Parties"), jointly and severally, from any and all claims, causes, causes of action, damages, demands, liabilities, debts, judgments, expenses, equities and any and all other claims or suits of any kind, whether known or unknown, regarding the Property, from the beginning of the world to the date of this Consent Decree, including, without limitation, any and all claims pursuant to Title III of the ADA regarding the Property (and/or any other federal, state or local law governing physical access features for persons with disabilities at public accommodations, whether before any federal, state or local agency, court of law, or before any other forum) such as the claims that were asserted, or could have been asserted, in the above-captioned action, including all claims by the Releasing Parties for attorneys' fees and costs, expert fees and costs, or any other fee or cost, except as otherwise set forth herein; *provided that*, this release shall in no way limit Plaintiff's or the Court's ability to monitor and enforce Defendants' compliance with the terms of this Consent Decree.

13.   Within five (5) days of full execution of this Consent Decree, the Parties shall file a joint motion to approve and enter this Consent Decree and for dismissal with prejudice of this action, along with a copy of this Consent Decree. Dismissal of this action with prejudice shall be a condition precedent for Defendants' payment obligation set forth in Paragraph 10 above. The joint motion shall request that the Court retain jurisdiction to enforce this Consent Decree.

**INTEGRATION/SEVERABILITY**

14.   This Consent Decree constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.

15. Nothing in this Consent Decree shall be construed to amend or modify the provisions of any lease agreement for the Property between Defendants and any lessee.

16. If any provision of this Consent Decree or any part of any provision of this Consent Decree is found to be invalid or unenforceable by a court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Consent Decree.

## CONSTRUCTION/ AMBIGUITIES

17. The Parties acknowledge that each Party has reviewed and participated in the drafting of this Consent Decree and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in its interpretation.

## WAIVER

18. The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

## GOVERNING LAW

19. This Consent Decree shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law. Any claim regarding this Consent Decree, or alleging a material breach of this Consent Decree, shall be filed in the above-styled Court, if it has jurisdiction, or in the Circuit Court in and for Palm Beach County, Florida.

## EXECUTION

20. The Parties have read and understood this Consent Decree, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Decree and agree to be bound thereby.

21. Each person executing this Consent Decree on each Party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Decree.

22. The Parties agree that this Consent Decree may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. The Parties agree and acknowledge that a photocopy, facsimile copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

23. As a material inducement for Defendants to enter into this Agreement, Plaintiff represents and warrants that he is not aware of any pending tort, contract, or other legal claims against Defendants, other than the specific claims brought in this action under Title III of the ADA, which are released under this Agreement.

## NOTICE

24. Any notice, correspondence, payment or other communication contemplated by or connected with this Consent Decree shall be directed as follows:

(a) If to Defendants:   Arthur T. Schofield
Arthur T. Schofield, P.A.
Via Jardin Building
330 N. Clematis Street - Suite #207
West Palm Beach, FL 33401
Telephone: (561) 655-4211
Facsimile: (561) 655-5447
E-mail: aschofield@flalabor.com

(b) If to Plaintiff:   The Shemtov Law Firm, P.A.
9715 West Broward Blvd. #256
Plantation, Florida 33324
Telephone (954) 861-9787
Facsimile (954) 236-3530
E-mail: shemtovlawfirm@yahoo.com

25  The Parties expressly represent and warrant that they (a) have carefully read this entire Consent Decree, consisting of 25 numbered paragraphs and 12 pages; (b) fully understand the terms, conditions, and significance of this Consent Decree; (c) have had ample time to consider and negotiate this Consent Decree; (d) have had a full opportunity to review this Consent Decree with their respective attorneys and have done so; and (e) have executed this Consent Decree voluntarily, knowingly, and with the advice of their respective attorneys.

Agreed to this ___ day of August, 2014, by all the undersigned parties:

Plaintiff:
_____
PATRICIA L. KENNEDY, an Individual

Dated:_____

Plaintiff:
_____
ROBERT COHEN, an Individual

Dated:_____

Defendant RAVA, L.L.C.:

By: Antonio V. Nuzzo
Its: PRESIDENT
Dated: 8-21-14